UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYREN BREWER,

      Plaintiff,

v.

      Civil Case No. 22-10689
      Honorable Linda V. Parker

EQUIFAX INFORMATION
SERVICES, LLC and
JP MORGAN CHASE & CO.,

      Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULE 41.2

Plaintiff filed this lawsuit against Defendants with the assistance of counsel on March 31, 2022. Plaintiff subsequently settled the matter with Defendant Equifax Information Services, LLC. (ECF No. 28.) On March 7, 2023, Plaintiff's counsel moved to withdraw due to the breakdown in the attorney-client relationship. (ECF No. 29.) The Court granted the motion on March 8 and stayed the matter for 45 days to allow Plaintiff to retain new counsel. (ECF No. 30.) The Court instructed Plaintiff that the matter would move forward after that period whether Plaintiff retained new counsel or proceeded pro se and warned:

> if new counsel does not enter an appearance on behalf of Plaintiff or Plaintiff fails to provide contact information to the Clerk of the Court by the above expiration date, or if Plaintiff

1

> fails to otherwise continue her prosecution of her claims against Defendant JP Morgan Chase & Co., this matter will be dismissed with prejudice for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2.

(*Id.* at Pg ID 97-98.) Plaintiff's counsel served a copy of the order on Plaintiff, per the Court's instruction. (ECF No. 99.)

By the expiration of the 45 days, no attorney had entered an appearance on Plaintiff's behalf nor had Plaintiff contacted the Court or taken action in this matter. Therefore, on May 2, the Court issued an order lifting the stay. (ECF No. 32.) The Court further ordered "that, within fourteen (14) days of this Opinion and Order, Plaintiff shall notify the Court in writing as to whether she plans to move forward with this action . . . If Plaintiff does not comply before the deadline expires, the Court will dismiss the matter for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2." (*Id.* at Pg ID 102-03.)

The fourteen-day deadline has expired and Plaintiff has not contacted the Court in writing or otherwise. The Court is therefore dismissing the Complaint pursuant to Rule 41.2.

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

>sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

   Here, the record demonstrates such delay. As detailed above, Plaintiff has ignored these proceedings and the Court's orders. Plaintiff failed to respond to her attorney's communications to enable counsel to pursue this litigation on her behalf. She has failed to apprise the Court of her current contact information and/or respond to the Court's orders. The Court has attempted to warn Plaintiff that her failure to cooperate could lead to dismissal. To the extent those warnings have not reached Plaintiff, it is due to Plaintiff's reckless disregard of these proceedings.

For the same reason, the Court sees no utility in considering or imposing lesser sanctions.

Taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Eastern District of Michigan Local Rule 41.2.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 17, 2023